IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DON BAKER )<br>777 Eastowne Drive )<br>Ravenna, Ohio 44266 )<br> )<br>Plaintiff )<br> )<br>vs. )<br> )<br>CITY OF SHAKER HEIGHTS )<br>3400 Lee Road )<br>Shaker Heights, Ohio 44120 )<br> )<br>and )<br> )<br>SHAKER HEIGHTS POLICE DEPT. )<br>3400 Lee Road )<br>Shaker Heights, Ohio 44120 )<br> )<br>and )<br> )<br>DAVID EMLAW, Individually, and in his )<br>Official Capacity as an Employee of the City of )<br>Shaker Heights, )<br>3400 Lee Road )<br>Shaker Heights, Ohio 44120 )<br> )<br>and )<br> )<br>CALEB D. BARNETT, Individually, and in his )<br>Official Capacity as an Employee of the City of )<br>Shaker Heights, )<br>3400 Lee Road )<br>Shaker Heights, Ohio 44120 )<br> ) | CASE NO.:<br><br>JUDGE<br><br><br>C O M P L A I N T |

| | |
|---|---|
| and | ) |
| | ) |
| BENJAMIN WARD, Individually, and in his | ) |
| Official Capacity as an Employee of the City of | ) |
| Shaker Heights, | ) |
| 3400 Lee Road | ) |
| Shaker Heights, Ohio 44120 | ) |
| | ) |
| and | ) |
| | ) |
| BRIAN BORGIONE, Individually, and in his | ) |
| Official Capacity as an Employee of the City of | ) |
| Shaker Heights, | ) |
| 3400 Lee Road | ) |
| Shaker Heights, Ohio 44120 | ) |
| | ) |
| and | ) |
| | ) |
| ANY AND ALL OTHER JANE OR JOHN DOES, | ) |
| Whose Exact Name and Address | ) |
| Cannot Be Ascertained At | ) |
| The Present Time | ) |
| | ) |
| Defendants. | ) |

## JURISDICTION

1. This Court has original jurisdiction over Plaintiff's claims presented in this Complaint based upon the laws of the United States, specifically 42 U.S.C. Section 1983, pursuant to 28 U.S.C. Section 1331.

2. This Court has supplemental jurisdiction over Plaintiff's claims presented in this Complaint based upon the laws of the State of Ohio pursuant to 28 U.S.C. Section 1367, because these claims are so related to claims in the action within the original jurisdiction of this Court, as stated above, that they form part of the same case or controversy.

## VENUE

3. Plaintiff's claims may be brought in this Court pursuant to 28 U.S.C. Section 1391(b)(1), because, upon information and belief, one or more of the named Defendants reside within the Judicial District and all Defendants reside within the State of Ohio.

4. Plaintiff's claims may be brought in this Court pursuant to 28 U.S.C. Section 1391(b)(2), because a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred within this Judicial District.

## PARTIES

5.     Plaintiff, Don Baker, at all times relevant herein, was and is a resident of Ravenna, Portage County, Ohio.

6.     Defendant, City of Shaker Heights (hereinafter "Shaker Heights" and/or City"),Cuyahoga County, Ohio is a municipal corporation and governmental subdivision of the State of Ohio of which the Shaker Heights Police Department are parts thereof.

7.     At all times relevant to the matters plead herein, Defendant, David Emlaw, (hereinafter "Emlaw") was an employee, servant, agent, representative, and Patrol Officer of the Shaker Heights Police Department, a department of the municipal corporation of Shaker Heights, Ohio.

8.     At all times relevant to the matters plead herein, Defendant, Caleb D. Barnett (hereinafter "Barnett"), was an employee, servant, agent, representative, and Patrol Officer of the Shaker Heights Police Department, a department of the municipal corporation of Shaker Heights, Ohio.

9.     At all times relevant to the matters plead herein, Defendant, Benjamin Ward (hereinafter "Barnett"), was an employee, servant, agent, representative, and Patrol Officer of the Shaker Heights Police Department, a department of the municipal corporation of Shaker Heights, Ohio.

10.    At all times relevant to the matters plead herein, Defendant, Brian Borgione (hereinafter "Barnett"), was an employee, servant, agent, representative, and Patrol Officer of the Shaker Heights Police Department, a department of the municipal corporation of Shaker Heights, Ohio.

11.    At all times relevant to the matters plead herein, "Roman" is a German Shepard police dog, canine unit, and/or K-9 that was owned by the City of Shaker Heights / Shaker Heights Police Department and utilized by Defendant Emlaw in the scope and course of his employment with Shaker Heights as a law enforcement officer.

12.    At all times relevant to the matters plead herein, the Defendants JANE OR JOHN DOES are those parties whose improper actions adversely affected the Plaintiff's, but who cannot be readily identified and whose names will be made known as their identities become known through discovery.

## FACTS OF THE CASE

13.    Plaintiff incorporates the previous paragraphs of this Complaint as if fully rewritten herein.

14.    In the early morning hours of January 30, 2022, Emlaw pulled up in his police cruiser behind Plaintiff's parked vehicle.

15. Shaker Heights Police officers, including Defendant Barnett and Borgione, were dispatched to Plaintiff's parked vehicle.

16. Defendant Officers observed Plaintiff sleeping in the driver's seat with the vehicle in park.

17. Plaintiff was asked for his driver's license, and when he could not find the license, he was eventually told by Defendant Officers to exit the vehicle.

18. Plaintiff was unable to immediately exit the vehicle, and was grabbed by Defendant Officers and they attempted to pull him out of the vehicle.

19. Defendant Barnett, after grabbing Plaintiff, unnecessarily deployed his taser which struck Plaintiff's chest, despite no threat of harm by Plaintiff.

20. Defendant Emlaw then deployed his K-9, "Roman", which is a German Shepard.

21. Defendant Emlaw, utilizing his K-9, instructed Roman to attack, and Defendant Officers removed Plaintiff from the parked vehicle.

22. After Plaintiff was out of the vehicle, and on the ground, face down, Defendant Emlaw deliberately ordered K-9 Roman to continue to attack the Plaintiff at a time when he did not pose any threat.

23. Pursuant to the orders of Defendant Emlaw, K-9 Roman bit Plaintiff multiple times on his arm.

24. As a direct and proximate result of the aforesaid K-9 bites, Plaintiff sustained severe and permanent injuries to his left arm, as well as other parts of his body, has suffered extreme pain and anguish therefrom and due to the severe and permanent nature of his injuries he shall continue to suffer extreme pain and anguish into the future.

23. As a direct and proximate result of the aforesaid bites, Plaintiff has incurred medical expenses in an amount not yet determined and due to the severe and permanent nature of his injuries he will continue to incur medical expenses into the future in an amount that cannot be determined at this time.

24. As a direct and proximate result of the aforesaid bites, Plaintiff has incurred lost wages and due to the severe and permanent nature of his injuries shall continue to incur lost wages into the future in an amount that cannot be determined.

25. As a direct and proximate result of the aforesaid bites, Plaintiff has suffered great pain and suffering, both physically and emotionally, as well as the loss of ability to perform usual functions and loss of enjoyment of life and will suffer further pain and suffering and loss of ability to perform usual functions.

26. Plaintiff was taken to Ahuja Medical Center in Beachwood where he received sutures to his left arm.

27. Defendants knew or should have known that this K-9, Roman and Defendant Emlaw had a propensity to cause severe harm and on prior occasions have caused severe dog bite injuries far in excess of any that may be reasonably acceptable when utilizing a police canine.

28. On the night in question, the Defendants jointly and severally undertook to administer punishment and assaulted Plaintiff, contrary to his federal and state constitutional rights.

29. The Defendants, jointly and/or severally, acted maliciously, willfully, wantonly, and in reckless disregard and/or acting with deliberate indifference to Plaintiff' serious medical condition, his safety, life and constitutional rights.

30. As a direct and proximate result of the above described unlawful and malicious acts of the Defendants, jointly and/or severally, all committed under color of their authority while acting in capacity as City Employees, and in conformity with the policies or lack of policies of the City, Plaintiff suffered great bodily harm and emotional trauma, pain, injury and suffering, in violation of his rights provided by Ohio law.

31. As a direct and proximate result of the above-described acts, Plaintiff was deprived of his rights and immunities secured to him under the laws of the State of Ohio, including but not limited to his right to due process, against excessive force, to be secure in his person, to be free from cruel and unusual punishment without due process and equal protection of the law.

32. The failure of Defendants City of Shaker Heights, City Manager, Police Chief, their agents, representative and/or employees, to implement appropriate policies and procedures, communicate lawful policies and procedures, training, education, and appropriate supervision in the use of police canines amounts to gross negligence and a deliberate indifference to the safety and citizens of Shaker Heights, Ohio which gross negligence was a proximate cause of the injuries and damages suffered by Plaintiff, providing or directly liability against the City, jointly and severally, for compensatory and punitive damages.

## FIRST CAUSE OF ACTION
**(Unnecessary, Excessive Use of Force/Cruel and Unusual Punishment, Violation of Civil Rights under 42 U.S.C. §1983)**

33. Plaintiff incorporates the previous paragraphs of this Complaint as if fully rewritten herein.

34. The acts of the Defendant(s) in restraining Plaintiff and ordering the K-9 to attack and/or hold, constituted an excessive use of force, an unreasonable seizure and deprived Plaintiff of his right to be free from an unlawful seizure and their right to life/liberty as guaranteed by Ohio Constitution, Federal Constitution, Federal law and Ohio law.

35. In the alternative, the Defendants' alleged statement of facts is untrue, in whole or in part, and constitutes a pretextual misrepresentation of unnecessary use of force and cover-up.

36.     The acts of ordering and/or allowing the K-9 to attack and continue to attack the Plaintiff constitutes excessive force.

37.     These acts and/or omissions by the Defendants proximately caused Plaintiff to suffer the physical and psychological injuries plead herein.

38.     The acts and/or omissions of the Defendants as plead herein were legally malicious and proximately resulted in the severe injury of Plaintiff.

39.     Plaintiff is entitled to recovery for Defendants' violations of Plaintiff's Ohio Constitution, Federal Law and Ohio law, pursuant to 42 U.S.C. §1983.

## SECOND CAUSE OF ACTION
### (Failure to Protect – Violation of Civil Rights under 42 U.S.C. §1983)

40.     Plaintiff incorporates the previous paragraphs of this Complaint as if fully rewritten herein.

41.     Defendant Emlaw initiated the circumstances which created the danger to Plaintiff by releasing his K-9 and ordering it to attack Plaintiff, knowing that such acts created a likelihood of death or great bodily harm.

42.     From the time the Plaintiff was first approached by the K-9 / Officer Emlaw and were restrained and/or made helpless as a result of the Defendants acts/orders he was in the direct and immediate control of the Defendants.

43.     The actions of the Defendants, as set forth herein, created a special relationship between the Defendants and Plaintiff and created a duty to exercise reasonable care in protecting him from further attack by the K-9. This included, but was not limited to the duty to order the K-9 to release the Plaintiff and/or remove the K-9 from Plaintiff's arm and otherwise remove Plaintiff from the dangerous and potentially deadly position they placed him in.

44.     The Defendants actions and/or inactions toward Plaintiff after utilizing the K-9 and by failing to provide him any relief from the dangerous and/or deadly position in which they placed him, negligently, and/or willfully, wantonly and/or in reckless disregard, breached their duty to provide reasonable care to Plaintiff and resulted in the injuries and damages to Plaintiff as pled herein.

45.     The acts of the Defendants in failing to protect Plaintiff from the K-9, which included but is not limited to those matters set forth herein, created a substantial risk of death or great bodily harm and deprived Plaintiff of the right to be free from illegal seizure and their right to life/liberty in violation of the U.S. Constitution, Ohio Constitution, Federal Law and Ohio law.

46.     Defendants failure to exercise ordinary care to protect Plaintiff violated Plaintiff's rights as guaranteed by the U.S. Constitution, Ohio Constitution, Federal Law and Ohio law.

47.     The acts and/or omissions of these Defendants proximately resulted in the injuries and the damages to Plaintiff as plead herein.

48.     Plaintiff is entitled to recovery for Defendants' violations of Plaintiff's rights, as guaranteed by the U.S. Constitution, Ohio Constitution, Federal Law and Ohio law, pursuant to 42 U.S.C. §1983.

## THIRD CAUSE OF ACTION
### (Failure to Provide Proper Training and Supervision - Violation of Civil Rights under 42 U.S.C. § 1983)

49.      Plaintiff incorporates the previous paragraphs of this Complaint as if fully rewritten herein.

50.      The failure of Defendants to adequately train the City's canine unit / Officer Emlaw in constitutional use of canine force and to adequately supervise performance of members of the canine unit to ensure both misbehaving dogs and officers and officers exhibiting bad judgment created a strong likelihood of death and/or great bodily harm and constituted a failure to fulfill their duty to provide a properly trained K-9 unit. This failure to provide a properly trained K-9 unit deprived Plaintiff of their right to be free from unlawful seizure, excessive force, and his right to life/liberty as guaranteed by the U.S. Constitution, Ohio Constitution, Federal Law and Ohio Law.

51.      Defendants knew or should have known that Defendant Emlaw and/or his K-9 "Roman", resorted to canine force more frequently than similar units than in other cities, that the canine unit had high ratios of bites to apprehensions and that excessive canine force was used against individuals suspected of relatively minor offenses. Said misuse and excessive use of force of the K-9 was or should have been obvious to City officials who deliberately chose not to take corrective action.

52.     The Defendants were at all times, deliberately indifferent to the rights and safety of the Plaintiff and others in the community.

53.     The acts and/or omissions of these Defendants proximately resulted in the injuries and the damages to Plaintiff as plead herein.

54.     Plaintiff is entitled to recovery for Defendants' violations of Plaintiff's rights, as guaranteed by the U.S. Constitution, Ohio Constitution, Federal Law and Ohio law, pursuant to 42 U.S.C. §1983.

## FOURTH CAUSE OF ACTION
### (Failure to Provide Proper Warning - Violation of Civil Rights under 42 U.S.C. § 1983)

55.     Plaintiff incorporates the previous paragraphs of this Complaint as if fully rewritten herein.

56.     It is unconstitutional to use a police K-9 to bite and hold a suspect without giving prior

warning.

57.     The Defendants failed to properly warn of the use of a K-9 prior to its deployment which created a strong likelihood of death and/or great bodily harm to the Plaintiff. This failure to properly warn the Plaintiff of the use of a K-9 unit deprived Plaintiff of his right to be free from unlawful seizure, excessive force, and their right to life/liberty as guaranteed by the U.S. Constitution, Ohio Constitution, Federal Law and Ohio Law.

58.     The Defendants knew or should have known that Defendant Emlaw and/or his K-9 "Roman" could not be deployed to bite and hold a suspect without giving prior warning.

59.     The Defendants were at all times, deliberately indifferent to the rights and safety of the Plaintiff by failing to warn him of the dangers of the use of a K-9.

60.     The acts and/or omissions of these Defendants proximately resulted in the injuries and the damages to Plaintiff as plead herein.

61.     Plaintiff is entitled to recovery for the Defendants' violations of Plaintiff's rights, as guaranteed by the U.S. Constitution, Ohio Constitution, Federal Law and Ohio law, pursuant to 42 U.S.C. §1983.

## FIFTH CAUSE OF ACTION
### (Failure to Intervene – Violation of Civil Rights under 42 U.S.C. §1983)

62.     Plaintiff incorporates the previous paragraphs of this Complaint as if fully rewritten herein.

63.     The Defendants failed and/or refused to intervene to protect the Plaintiff, whose constitutional rights were being violated, when the K-9 "Roman"/ Emlaw attacked Plaintiff's person. This failure to intervene and pull the K-9 off of Plaintiff created a substantial risk of death or great bodily harm and deprived Plaintiff of his right to be free from illegal seizure and their right to life/liberty in violation of the U.S. Constitution, Ohio Constitution, Federal Law and Ohio law.

64.     The acts and/or omissions of these Defendants proximately resulted in the injuries and the damages to Plaintiff as plead herein.

65.     Plaintiff is entitled to recovery for Defendants' violations of Plaintiff's rights, as guaranteed by the U.S. Constitution, Ohio Constitution, Federal Law and Ohio law, pursuant to 42 U.S.C. §1983.

## SIXTH CAUSE OF ACTION
### (Personal Injury)

66.     Plaintiff incorporates the previous paragraphs of this Complaint as if fully rewritten herein.

67. As a direct and proximate result of the joint and/or several wrongful acts and omissions of the Defendants, as plead herein, Plaintiff was caused to suffer
    a. severe and permanent injuries;
    b. the injuries sustained by the Plaintiff has caused him great pain and suffering, both physically and emotionally, as well as the loss of ability to perform usual functions;
    c. the injuries sustained by the Plaintiff has caused hi. to suffer medical expenses in an amount yet to be determined;
    d. the injuries sustained by Plaintiff caused him to incur lost wages in an amount yet to be determined and a permanent loss of earning capacity.

68. The acts and/or omissions of these Defendants proximately resulted in the injuries and the damages to Plaintiff as plead herein.

## SEVENTH CAUSE OF ACTION
**(Policy, Practice, and Custom Claims Against the Defendants - Violation of Civil Rights under 42 U.S.C. §1983)**

69. Plaintiff incorporates the previous paragraphs of this Complaint as if fully rewritten herein.

70. The actions of the Defendant(s), as alleged above, were done pursuant to one or more de facto policies, practices and/or customs of the City of Shaker Heights, Ohio and/or the Shaker Heights Police Department.

71. On or before January 30, 2022, the Defendant Shaker Heights and its Police Department had interrelated de facto policies, practices and customs which included, inter alia, (a) the failure to properly train, supervise, discipline, transfer, counsel and otherwise control police officers engaged in the excessive use of force and other police abuse, particularly in cases were the officers are required to handle a K-9 to search for and/or apprehend persons.

72. In particular, police officers were not properly trained on how to use a K-9 and/or the K-9 itself was not properly trained to search for, bite and/or hold a suspect.

73. The lack of adequate policies, personnel, failure to train, and failure to supervise was called to the attention of all Defendants in prior meetings and reports. Defendants and/or dog trainers and/or K-9 unit evaluators had particularly stated a need for further training of the K-9 "Roman" due to his propensity to aggressively attack and bite.

74. As a direct and proximate result of these policies, Plaintiff's rights, as guaranteed by the U.S. Constitution, Ohio Constitution, Federal Law and Ohio law, were violated and Defendants are liable for his injuries and damages.

75. Plaintiff is entitled to recovery for the Defendants' violations of Plaintiff's rights, as guaranteed by the U.S. Constitution, Ohio Constitution, Federal Law and Ohio law, pursuant to 42 U.S.C. §1983.

## EIGHTH CAUSE OF ACTION
### (Assault and Battery)

76. Plaintiff incorporates the previous paragraphs of this Complaint as if fully rewritten herein.

77. Defendant Emlaw, Barnett, and/or K-9 "Roman" committed multiple acts of assault and battery against the Plaintiff.

78. The Defendants acted with substantial certainty and intent that their acts would bring about a harmful or offensive contact with the Plaintiff by and through, included but not limited to, aggressive use of a K-9 unit and taser.

79. The Defendants did in fact commit a harmful and offensive contact against the Plaintiff which included but is not limited to multiple serious dog bites.

80. As a direct and proximate result of the assault and battery Plaintiff has been damaged.

## NINTH CAUSE OF ACTION
### (Failure to Adequately Train and Supervise Its Police Officers, Violation of Civil Rights under 42 U.S.C. §1983)

81. Plaintiff incorporates the previous paragraphs of this Complaint as if fully rewritten herein.

82. Shaker Heights has a duty and responsibility to adequately train and supervise its police force, including the individual Defendants named in this action.

83. On and before January 30, 2022, the Defendant Shaker Heights and its Police Department failed to: a) adequately and/or properly train its officers with respect to the constitutional limitations placed upon the use of force, including but not limited to canine force; b) adequately and/or properly train its officers with respect to the safe and proper way to restrain an individual without causing them great bodily harm and death; c) adequately and/or properly train its officers with respect to assessing a scene prior to restraining an individual who may be suffering from a medical condition and/or other condition; d) adequately and/or properly train its officers with respect to a situation where an individual is unable to respond to, or follow, their verbal commands; e) adequately and/or properly train its officers with respect to the safety of individual that is lying on the ground; f) adequately and/or properly train its K-9 dogs with respect to search, bite and hold of an individual; g) adequately and/or properly train its officers and/or canines with respect to a misbehaving dogs; h) adequately and/or properly train its officers with the respect to supervision; i) adequately and/or properly communicate policies and procedures to all its officers; j) adequately and/or properly certify Officer Emlaw and/or K-9 "Roman" in accordance with O.A.C. § 109:2-7-01 et seq.

84. Shaker Heights's policy makers were deliberately indifferent to the training policy it employed and its deficiencies.

85.     As a direct and proximate result of these training policies and deficiencies, Plaintiff's rights, as guaranteed by the U.S. Constitution, Ohio Constitution, Federal Law and Ohio law, were violated, resulting in the bodily harm and the damages to Plaintiff as plead herein.

86.     Plaintiff is entitled to recovery for Defendants' violations of Plaintiff's rights, as guaranteed by the U.S. Constitution, Ohio Constitution, Federal Law and Ohio law, pursuant to 42 U.S.C. §1983.

### TENTH CAUSE OF ACTION
### (Assault and Battery, Violation of Civil Rights under 42 U.S.C. §1983)

87.     Plaintiff incorporates the previous paragraphs of this Complaint as if fully rewritten herein.

88.     The actions of Defendants were done willfully and wantonly and/or in reckless disregard for Plaintiff's safety and life, without Plaintiff's consent, and consisted of assaults and batteries, as well as torture and directly and proximately caused Plaintiff's injuries and the damages to Plaintiff as plead herein.

89.     Defendants Emlaw and Barnett's actions in assaulting and battering Plaintiff with the aid/utilization of a K-9 and taser violated Plaintiff's rights as guaranteed by the U.S. Constitution, Ohio Constitution, Federal Law and Ohio law.

90.     Plaintiff is entitled to recovery for the Defendants' violations of Plaintiff's rights, as guaranteed by the U.S. Constitution, Ohio Constitution, Federal Law and Ohio law, pursuant to 42 U.S.C. §1983.

### ELEVENTH CAUSE OF ACTION
### (Willful and Wanton-No Statutory Immunity, Violation of Civil Rights under 42 U.S.C. §1983)

91.     Plaintiff incorporates the previous paragraphs of this Complaint as if fully rewritten herein.

92.     The actions of the Defendants, jointly and/or severally, toward Plaintiff as set forth herein and specifically in restraining him with aid of a K-9 unit, assaulting and battering him with aid of a K-9, not removing the K-9 unit from their person while knowing he was at risk of death or great bodily injury constituted willful and wanton conduct under the laws of the United State and/or State of Ohio and proximately caused the Plaintiff injuries and damages as plead herein.

93.     The actions of the Defendants, jointly and/or severally, toward Plaintiff as set forth herein and specifically in restraining Plaintiff with aid of a K-9, assaulting and battering Plaintiff with aid of a K-9, not removing the K-9 from their person while knowing he were at risk of death or great bodily injury constituted violations of Plaintiff's rights as guaranteed by the U.S. Constitution, Ohio Constitution, Federal Law and Ohio law.

95. Plaintiff is entitled to recovery for Defendants' violations of Plaintiff's rights, as guaranteed by the U.S. Constitution, Ohio Constitution, Federal Law and Ohio law, pursuant to 42 U.S.C. §1983.

## TWELTH CAUSE OF ACTION
### (Claim for Respondeat Superior/Failure to Investigate Against City of Shaker Heights, Violation of Civil Rights under 42 U.S.C. §1983)

96. Plaintiff incorporates the previous paragraphs of this Complaint as if fully rewritten herein.

97. Defendant Officer Emlaw and K-9 "Roman" acted to deprive Plaintiff of his rights as guaranteed by the U.S. Constitution, Ohio Constitution, Federal Law and Ohio law, as pled herein.

98. The aforesaid acts and state law violations of Defendant Emlaw and K-9 "Roman", as set forth above, were performed within the scope of their employment for the City of Shaker Heights, Ohio and the City of Shaker Heights is therefore liable as principal for the actions of its agents, under the doctrine of respondeat superior and/or adoption, ratification, and under their own policies and/or lack of policies as required by law.

99. Plaintiff is entitled to recovery from the City of Shaker Heights, Ohio for Defendants' violations of Plaintiff's rights, as guaranteed by the U.S. Constitution, Ohio Constitution, Federal Law and Ohio law, pursuant to 42 U.S.C. §1983.

## THIRTEENTH CAUSE OF ACTION
### (Liability Under R.C. 2744 et seq. and R.C. 2307.60; R.C. 2903.13 [Assault and Battery]; R.C. 2921.45 [Interfering with Civil Rights])

100. Plaintiff incorporates the previous paragraphs of this Complaint as if fully rewritten herein.

101. Defendant City of Shaker Heights was the employer of Defendants Emlaw, Barnett, Borgione, and Ward.

102. Defendants Emlaw, Barnett, Borgione, and Ward committed the acts alleged above under the color of law and the scope of their employment with Shaker Heights under the color of state law by all Defendants.

103. The Defendants, jointly and severally, failed to investigate, correct, punish, prosecute, or otherwise perform their duties, including development and implementing adequate policies to prevent harm to citizens by a K-9 unit.

104. Plaintiff is entitled to recovery from the City of Shaker Heights, Ohio for Defendants' violations of Plaintiff's rights, as guaranteed by the U.S. Constitution, Ohio Constitution, Federal Law and Ohio law, pursuant to 42 U.S.C. §1983.

## FOURTHEENTH CAUSE OF ACTION
### (STATE LAW CLAIM FOR STRICT LIABILITY FOR DOG BITE PURSUANT TO R.C. 955.28)

105. Plaintiff incorporates the previous paragraphs of this Complaint as if fully rewritten herein.

106. Emlaw is a handler and/or keeper/harborer of K-9 Roman, a police dog, which by virtue of its training was bred to be aggressive.

107. At all times relevant herein, Emlaw was an employee of Defendant Shaker Heights acting within the course and scope of his employment with Defendant Shaker Heights Police and pursuant to the doctrine of respondeat superior, Defendant Shaker Heighs is liable for resulting injuries from the vicious attack Plaintiff endured.

108. Emlaw intentionally released K-9 Roman upon Plaintiff.

109. Emlaw's release of K-9 Roman was excessive and unnecessary.

110. Emlaw recklessly, maliciously, and/or intentionally applied and threatened to apply unlawful and unnecessary force against Plaintiff.

111. Emlaw was reckless in handling of K-9 Roman.

112. Emlaw was negligent in his handling of K-9 Roman.

113. Defendants are strictly liable for the injuries suffered by Plaintiff pursuant to Ohio Revised Code Ann. 955.28.

### STATEMENT OF INCORPORATION

114. All facts in all causes of action are reincorporated in all other causes of action.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendants, jointly and severally, as follows:
A. Plaintiff demands compensatory damages in an amount to exceed $25,000.00;
B. Plaintiff demands punitive damages in an amount to exceed $25,000.00;
C. Plaintiff demands prejudgment and post judgment interest at the statutory rate;
D. Plaintiff demands his costs of his action to include reasonable attorney fees;
E. Plaintiff demands such other and further relief to which they may be entitled at equity or law; and
F. Plaintiff demands that appropriate injunctive, declaratory, and mandamus relief be granted by the Court to require the Defendants to perform their duties in a lawful manner so as to prevent any future harm as was inflicted upon Plaintiff, from occurring to other citizens in the future, as such injury is substantially certain to occur without said additional extraordinary relief.

Respectfully submitted,

/s/     Sean Burke
_____
SEAN BURKE (0087214)
SHAPERO & GREEN LLC
Signature Square II, Suite 220
25101 Chagrin Boulevard
Beachwood, Ohio   44122
P: 216-831-5100  F: 216-831-9467
*Attorneys for Plaintiff*
sburke@shaperolaw.com

JURY DEMAND

Plaintiff respectfully demands a trial by jury on all issues presented herein.

/s/ Sean Burke
_____
SEAN BURKE (0087214)

P:\Clients\Baker.Don\Complaint