IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DON BAKER, | ) Case No. 1:23-cv-167 |
| Plaintiff, | ) |
| v. | ) MAGISTRATE JUDGE |
| | ) THOMAS M. PARKER |
| CITY OF SHAKER HEIGHTS, et al., | ) |
| | ) **OPINION AND ORDER** |
| Defendants. | ) |

Because plaintiff Don Baker had failed to respond to several of the court's orders, the court ordered Baker to show cause why he had been unresponsive and why this case should not be dismissed for want of prosecution. ECF Doc. 40. Baker has not filed a response to the show cause order. For the reasons discussed below, this case shall be DISMISSED without prejudice pursuant to Fed. R. Civ. P. 41(b).

**I.    Procedural History**

On January 27, 2023, Baker filed a complaint against the City of Shaker Heights and the Shaker Heights Police Department, as well as David Emlaw, Caleb D. Barnett, Benjamin Ward, and Brian Borgione (employees of the City of Shaker Heights). ECF Doc. 1.

On November 13, 2023, Sean Burke and Shapero & Green LLC, counsel for plaintiff Don Baker, filed a motion for leave to file a motion to withdraw as counsel, ECF Doc. 32, and a motion to withdraw as counsel, ECF Doc. 32-1. On November 14, 2023, this court issued an order that: (i) granted the motion for leave to file a motion to withdraw as counsel (ECF

Doc. 32); (ii) held the motion to withdraw as counsel (ECF Doc. 32-1) in abeyance; and (iii) directed Baker, within 30 days, to either file a response to the motion to withdraw, secure new counsel, or file a notice of intent to proceed *pro se*. ECF Doc. 34. That deadline passed without Baker submitting any filing that complied with the court's order.

On December 19, 2023, this court issued an order granting Sean Burke and Shapero & Green LLC's motion to withdraw as counsel for Baker (ECF Doc. 32-1), finding that counsel had shown good cause for withdrawal and noting that no party had filed any opposition to the withdrawal. ECF Doc. 36. The court further: (i) directed Baker to either secure new counsel or file a notice of intent to proceed *pro se* no later than January 18, 2024; and (ii) warned Baker that failure to comply may result in dismissal of this action for failure to prosecute. *Id.*

On January 3, 2024, the court issued an order that vacated the previous January 18, 2024 deadline and established a new, final deadline of February 2, 2024 for Baker to either secure new counsel or file a notice of intent to proceed *pro se*.[1] ECF dkt. entry dated Jan. 3, 2024. The court again warned Baker that failure to comply may result in dismissal of this action for failure to prosecute. *Id.* The February 2, 2024 final deadline passed without Baker submitting any filing that complied with the court's order.

On February 12, 2024, the court issued a show cause order to Baker. ECF Doc. 40. The court noted that Baker had not complied with the court's previous orders and that he had not submitted any filing since his former counsel moved to withdraw. *Id.* at 2. Baker was ordered to show cause why he had been unresponsive and why this case should not be dismissed for want of

---

[1] A new deadline was set because an order that had been mailed to Baker, using the address provided to the court, had been returned for an insufficient address. ECF Doc. 38. The court procured a more complete address (which now included Baker's apartment number) and forwarded a copy of the order setting the new, final deadline to the updated address. *See* ECF dkt. entries dated Jan. 3, 2024.

prosecution, on or before February 26, 2023. *Id.* The court warned Baker that a failure to respond would result in dismissal of the case without prejudice and without further notice. *Id.*

Baker has not filed a response to the order to show cause nor has he submitted any other filing.

**II.     Law & Analysis**

Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "As [the Sixth Circuit] has noted, the lenient treatment generally accorded to pro se litigants has limits. Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110).

Federal Rules of Civil Procedure 41(b) gives authority to the court to dismiss a plaintiff's action with prejudice because the plaintiff failed to prosecute. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-30 (1962); *see* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). To determine whether the action should be dismissed under Rule 41(b), the court may consider whether:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

3


*Knoll v. Am. Tel. & Tel. Co.,* 176 F.3d 359, 363 (6th Cir. 1999). "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *Mager v. Wis. Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (citing *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (internal quotations marks omitted); *see also Knoll*, 176 F.3d at 363 ("[A] case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct."). Ultimately, district courts receive substantial discretion when exercising this authority because this measure serves "as a tool to effect 'management of [their] docket[s] and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll*, 176 F.3d at 363 (citing *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir.1984)).

Here, Baker's lack of participation in the court's proceedings has delayed the case from moving forward, and the Rule 41(b) factors weigh in favor of dismissing the case. The court allowed Baker's counsel to withdraw after counsel asserted that continued and effective representation had been rendered impossible because of an inability to productively communicate between Baker and counsel. *See* ECF Doc. 36; ECF Doc. 32-1 at 1, 4. Baker failed to comply with the court's November 14, 2023 order (ECF Doc. 34) and its December 19, 2023 order (ECF Doc. 36). He was warned that a failure to comply with the court's order could result in dismissal for failure to prosecute. ECF Doc. 36 at 2. Now, Baker has failed to comply with the court's February 12, 2024 order to show cause. The court provided Baker with a reasonable period to comply with the order and warned Baker that his failure to comply would lead to dismissal for failure to prosecute. Further demonstrating his failure to prosecute, Baker has not submitted any filing to court since his counsel moved to withdraw and since the court granted that request – even failing to file a response to a motion for summary judgment filed by

4

the defendants on January 16, 2024 (ECF Doc. 39). Given the current record, there is no indication that Baker will participate in this case moving forward and any alternative sanction would be futile at this point.

Accordingly, the *Knoll* factors weigh in favor of dismissal. *See Knoll,* 176 F.3d at 363; *Mager*, 924 F.3d at 837. Baker has failed to fulfill his obligations to the court and the sanction of dismissal will serve to "protect the integrity of pretrial procedures." *Knoll*, 176 F.3d at 366 (citation omitted).

### III. Conclusion

Because Baker has failed to prosecute his case, this case is DISMISSED without prejudice pursuant to Fed. R. Civ. P. 41(b). The defendants' motion for summary judgment (ECF Doc. 39) is DENIED as MOOT.

**IT IS SO ORDERED.**

Dated: March 4, 2024

Thomas M. Parker
United States Magistrate Judge